# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Case No. _____ |
| v. | ) |
| | ) |
| PURCH GROUP, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

Plaintiff NM, LLC brings this action against Defendant Purch Group, Inc., and alleges the following:

## THE PARTIES

1. Plaintiff NM, LLC ("Plaintiff NM"), is a limited liability company organized and doing business under the laws of Delaware.

2. Plaintiff NM is the owner of record and assignee of U.S. Patent No. 6,430,554 (the "'554 Patent") and U.S. Patent No. 6,651,053 (the "'053 Patent") (collectively, the "Asserted Patents") and has the full right, title, and interest to pursue this lawsuit based on infringement of the Asserted Patents.  Both the '554 and '053 Patents expire on January 25, 2020.

3. Upon information and belief, Defendant Purch Group, Inc. ("Defendant Purch") is a Delaware corporation and has as its agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE  19801.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 271, *et seq*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant Purch since Defendant Purch is a Delaware corporation.

7. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

## BACKGROUND

8. This suit alleges infringement by Defendant Purch of two of Plaintiff NM's patents, specifically U.S. Patent No. 6,430,554 and U.S. Patent No. 6,651,053.

## CAUSES OF ACTION

### COUNT I: INFRINGEMENT OF U.S. PATENT 6,430,554

9. On August 6, 2002, U.S. Patent No. 6,430,554 was issued to Leigh M. Rothschild as the inventor thereof. A true and correct copy of the '554 Patent, which is entitled "Interactive System for Investigation Products on a Network," is attached hereto as Exhibit "A."

10. Defendant Purch infringed the '554 patent in violation of 35 U.S.C. § 271(a) including the patented inventions of Claims 1 through 29.

11. Claim 15 of the '554 Patent is discussed below as an exemplary claim that was infringed by Defendant Purch in at least the following manner:

a) Defendant Purch owns, controls, and operates to its profit interactive search programs, or "apps," that are made available to potential users via downloading the app to the user's cell phone or to enable users of the apps to obtain a supply of information relating to the object of the user's search. Specifically, Defendant Purch owns, operates, and makes

available to users at least the following non-exclusive and non-limiting list of infringing: the app "Purchx" including but not limited to the functions of "Scan and Compare," "Rewards and Leaderboard," "Comparison Shopping," "Purch Badges," "Buy Nearby," and the app "Purch Marketplace" (collectively the "Apps and Functions").

        b)      Defendant Purch's Apps and Functions are made available for free, typically by download over the Internet, to prospective users of the apps and functions.

        c)      Defendant Purch controls a user's access, method, and timing to download its Apps and Functions, and Defendant Purch controls the access, method, and timing of a user's use of the Apps and Functions to obtain information relating to objects.

        d)      In an exemplary infringing step, coded input in the form of a Universal Price Code ("UPC code") is input by users by scanning the UPC code, as found on an object for which the user desires information, by using a user's cell phone operating one or more of Defendant Purch's Apps and Functions.  Upon scanning a UPC code, for example, the UPC coded input is typically directed automatically to an implementing server accessed through wireless communication with a global network such as the Internet.  Upon information and belief, the implementing server is controlled by Defendant Purch, which implementing server contains databases relating to the coded input of the scanned UPC code.

        e)      In another exemplary infringing step, the coded input is verified by Defendant Purch to be valid.  Further, upon information and belief, Defendant Purch makes predetermined conversions to the coded input for the search for information on the object, if required.  Such predetermined conversion may include a UPC code on a book converted to the book's assigned International System of Book Numbers ("ISBN").

        f)      In another exemplary infringing step, Defendant Purch's implementing

server is queried to find web sites on the global network, such as the Internet, related to the coded input, such as the UPC code. Upon Plaintiff NM's information and belief, such querying includes, but is not limited to, Defendant Purch identifying one or more Internet web sites related to product characteristics, pricing, sales information and coupons, availability including local availability, consumer rating, comparison, and other web sites relevant to the object search for by the user.

    g)  In another exemplary infringing step, Defendant Purch additionally queries the identified web sites for information regarding the object of the user's search. Upon Plaintiff NM's information and belief, such additional querying includes, but is not limited to, Defendant Purch querying one or more Internet web site related to product characteristics, pricing, sales information and coupons, availability including local availability, consumer rating, comparison, and other web sites relevant to the object search for by the user.

    h)  In another exemplary infringing step, Defendant Purch transfers all of the information regarding the object of the user, typically, but not exclusively, transferring such information regarding the object of the search to a user's cell phone and presents that information to the user.

    12.  Plaintiff NM respectfully asserts that the discussion in the paragraph above of the exemplary infringement of exemplary Claim 15 of the '554 Patent is intended solely to provide Defendant Purch with adequate reasonable notice of the nature and facts of the patent infringement allegations made against it in the Complaint regarding an exemplary claim, pursuant to counsel to Plaintiff NM's best understanding of the current Court interpretations patent infringement notice requirements. Pursuant to continuing discovery and patent term construction law, Plaintiff NM reserves all rights to further discuss, define, and construe its

construction of any patent terms discussed above in the exemplary description of Defendant Purch's infringement of Claim 15 of the '554. Further, the above discussion is intended to give Defendant Purch reasonable notice of the facts of the infringement in a non-technical and generally understood manner and it is not intended as a limitation on Plaintiff's NM's construction of any terms of the '554 Patent for Plaintiff NM's formal infringement contentions as those terms may latter be considered by this Court in a *Markman* hearing or in any claim construction consideration.

13. By the service of this lawsuit, Defendant Purch is placed on actual notice of its infringement of the '554 Patent, and to whatever extent Defendant Purch continues its infringing activities, Defendant Purch also infringes the '554 Patent in violation of 35 U.S.C. § 271(b) by intentionally actively inducing infringement after actual notice of infringement of the '554 Patent during the time period beginning from the date of service of this Complaint, the date of actual notice.

14. To the extent Defendant Purch continues to infringe the '554 Patent after service of this Complaint, Defendant Purch further infringes the '554 Patent by intentionally and actively inducing infringement at least by providing to third party users a user application that uses a method that infringes the '554 Patent, with the intention of inducing customers to use the application and infringing method, whereby Defendant Purch controls the method and timing of the infringement.

15. Plaintiff NM is entitled to recover from Defendant Purch damages as a result of Defendant Purch's acts of infringement of the '554 Patent, and as a result of Defendant Purch's acts of intentional active inducement of infringement of the '554 Patent from the date of service of this Complaint, with both damages in amounts subject to proof at trial.

**COUNT II:  INFRINGEMENT OF U.S. PATENT 6,651,053**

16. On November 18, 2003, U.S. Patent No. 6,651,053 was issued to Leigh M. Rothschild as the inventor thereof.  A true and correct copy of the '053 Patent, which is entitled "Interactive System for Investigation Products on a Network," is attached hereto as Exhibit "B."

17. Defendant Purch infringed the '053 patent in violation of 35 U.S.C. § 271(a) including the patented inventions of Claims 1 through 42.

18. Claim 36 of the '053 Patent is discussed below as an exemplary claim that was infringed by Defendant Purch in at least the following manner:

   a) Defendant Purch owns, controls, and operates to its profit interactive search programs, or "apps," that are made available to potential users via downloading the app to the user's cell phone or to enable users of the apps to obtain a supply of information relating to the object of the user's search.  Specifically, Defendant Purch owns, operates, and makes available to users at least the following non-exclusive and non-limiting list of infringing apps: the app "Purchx" including but not limited to the functions of "Scan and Compare," "Rewards and Leaderboard," "Comparison Shopping," "Purch Badges," "Buy Nearby," and the app "Purch Marketplace" (collectively the "Apps and Functions").

   b) Defendant Purch's Apps and Functions are made available for free, typically by download over the Internet, to prospective users of the apps and functions.

   c) Defendant Purch controls the user's access, method, timing, to download its Apps and Functions, and Defendant Purch controls the access, method, and timing of a user's use of the Apps and Functions to obtain information relating to objects.

   d) In an exemplary infringing step, coded input in the form of a Universal Price Code ("UPC code") is input by users by scanning the UPC code, as found on an object for

which the user desires information, by using a user's cell phone operating one or more of Defendant Purch's Apps and Functions.  Upon scanning a UPC code, for example, the UPC coded input is typically directed automatically to an implementing server accessed through wireless communication with a global network such as the Internet.  Upon information and belief, the implementing server is controlled by Defendant Purch, which implementing server contains databases relating to the coded input of the scanned UPC code.

    e)  In another exemplary infringing step, the coded input is verified by Defendant Purch to be valid.  Upon information and belief, the coded input, typically a scanned UPC code, is validated by Defendant Purch by methods including, but not limited to, eliminating any blank spaces and non-numeric characters, verifying a required number of digits is present, and verifying the required number of digits against a check sum digit.  Further, upon information and belief, Defendant Purch makes predetermined conversions to the coded input for the search for information on the object, if required.  Such predetermined conversion may include a UPC code on a book converted to the book's assigned International System of Book Numbers ("ISBN").

    f)  In another exemplary infringing step, Defendant Purch's implementing server is queried to find web sites on the global network, such as the Internet, related to the coded input, such as the UPC code.  Upon Plaintiff NM's information and belief, such querying includes, but is not limited to, Defendant Purch identifying one or more Internet web site related to product characteristics, pricing, sales information and coupons, availability including local availability, consumer rating, comparison, and other web sites relevant to the object search for by the user.

    g)  In another exemplary infringing step, Defendant Purch additionally

queries the identified web sites for information regarding the object of the user's search. Upon Plaintiff NM's information and belief, such additional querying includes, but is not limited to, Defendant Purch querying one or more Internet web site related to product characteristics, pricing, sales information and coupons, availability including local availability, consumer rating, comparison, and other web sites relevant to the object search for by the user.

        h)       In another exemplary infringing step, Defendant Purch transfers all of the information regarding the object of the user, typically, but not exclusively, transferring such information regarding the object of the search to a user's cell phone and presents that information to the user.

        19.       Plaintiff NM respectfully asserts that the discussion in the paragraph above of the exemplary infringement of exemplary Claim 36 of the '053 Patent is intended solely to provide Defendant Purch with adequate reasonable notice of the nature and facts of the patent infringement allegations made against it in the Complaint regarding an exemplary claim, pursuant to counsel to Plaintiff NM's best understanding of the current Court interpretations patent infringement notice requirements. Pursuant to continuing discovery and patent term construction law, Plaintiff NM reserves all rights to further discuss, define, and construe its construction of any patent terms discussed above in the exemplary description of Defendant Purch's infringement of Claim 36 of the '053. Further, the above discussion is intended to give Defendant Purch reasonable notice of the facts of the infringement in a non-technical and generally understood manner and it is not intended as a limitation on Plaintiff's NM's construction of any terms of the '053 Patent for Plaintiff NM's formal infringement contentions as those terms may latter be considered by this Court in a *Markman* hearing or in any claim construction consideration.

20. By the service of this lawsuit, Defendant Purch is placed on actual notice of its infringement of the '053 Patent, and to whatever extent Defendant Purch continues its infringing activities, Defendant Purch also infringes the '053 Patent in violation of 35 U.S.C. § 271(b) by intentionally and actively inducing infringement after actual notice of infringement of the '053 Patent during the time period beginning from the date of service of this Complaint, the date of actual notice.

21. To the extent Defendant Purch continues to infringe the '053 Patent after service of this Complaint, Defendant Purch further infringes the '053 Patent by intentionally actively inducing infringement at least by providing to third party users a user application that uses a method that infringes the '053 Patent, with the intention of inducing customers to use the application and infringing method, whereby Defendant Purch controls the method and timing of the infringement.

22. Plaintiff NM is entitled to recover from Defendant Purch damages as a result of Defendant Purch's acts of infringement of the '053 Patent, and as a result of Defendant Purch's acts of intentional active inducement of infringement of the '053 Patent from the date of service of this Complaint, with both damages in amounts subject to proof at trial.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff NM, LLC prays for judgment against Defendant Purch Group, Inc. for the following relief:

A. A judgment declaring that Defendant Purch infringed the '554 and '053 Patents;

B. an accounting for damages under 35 U.S.C. § 284 from Defendant Purch for its infringement of the '554 and '053 Patents,

C. a judgment awarding Plaintiff NM compensatory damages as a result of

Defendant Purch's infringement of the '554 and '053 Patents, together with interest and costs, and in no event less than a reasonable royalty;

  D. a judgment declaring that Defendant Purch's infringement of the '554 and '053 Patents has been willful and deliberate;

  E. a judgment awarding Plaintiff NM treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant Purch's willful and deliberate infringement of the '554 and '053 Patents;

  F. a judgement declaring that this case is exceptional and awarding Plaintiff NM its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Federal Rule of Civil Procedure 54(d);

  G an accounting for damages under 35 U.S.C. § 271(b) from Defendant Purch for its intentional active inducement of infringement of the '554 and '053 Patents, from the date of actual notice of the patent infringement through the patent's expiration, if either patent expires during the pendency of this Lawsuit, and an award of damages ascertained against Defendant Purch in favor of Plaintiff NM, together with interest and costs thereon; and,

  H. such other and further relief to Plaintiff NM and against Defendant Purch as the Court may deem just and proper.

## JURY DEMAND

Plaintiff NM, LLC demands a trial by jury of all issues properly triable by jury in this action.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **O'KELLY & ERNST, LLC** |
| Dated: December 27, 2016 | */s/ Sean T. O'Kelly* |
|  | Sean T. O'Kelly (No. 4349) |
|  | Daniel P. Murray (No. 5785) |
|  | 901 N. Market Street, Suite 1000 |
|  | Wilmington, DE 19801 |
|  | (302) 778-4000 |
|  | (302) 295-2873 (facsimile) |
|  | sokelly@oelegal.com |
|  | dmurray@oelegal.com |
|  |  |
|  | *Attorneys for Plaintiff NM, LLC* |